UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CROSSINGS RECOVERY SYSTEMS, INC., et al.,

                                Plaintiffs,          **REPORT AND**
                                                             **RECOMMENDATION**
               -against-                          **CV 04-1757 (DRH)(ARL)**

CHRISTINA MAZZUCO, et al.,

                                Defendants.
-----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      This matter was referred to the undersigned by District Judge Denis R. Hurley for a determination of the amount of attorneys' fees to be awarded to the plaintiffs in connection with their successful motion to remand this case to state court. Pursuant to the order of District Judge Hurley, plaintiffs have submitted the Declaration of Eugene D. Berman, Esq., together with the exhibits annexed thereto, in support of their claim for $15,480.00 in attorneys' fees and $20.00 in costs. Defendant Heather Dale ("Dale") has submitted the Affirmation of George Nager, Esq. in opposition. No opposition papers were submitted on behalf of the remaining defendants. For the reasons that follow, it is respectfully reported and recommended that the plaintiffs be awarded attorneys' fees in the amount of $10,050.00 and costs in the amount of $20.00 for a total award of $ 10,070.00. It is further recommended that all of the defendants be held jointly and severally liable for the attorneys' fee award.

## DISCUSSION

      Defendant Dale claims that: (1) she should not be responsible for any of the attorneys' fees awarded to plaintiffs; and (2) the attorney's fees sought are unreasonably high. (Affirmation of George Nager, Esq. at pages 2-3). While the court finds that Dale, together with the other defendants, is responsible for the plaintiffs' attorneys' fees, the court agrees that the attorneys'

fees sought are unreasonably high.

   I.   **Joint and Several Liability for the Attorneys' Fee Award**

Defendant Dale argues that she should not be responsible for payment of any portion of the attorneys' fees award because she did not initiate the application for removal and only supported the application so she would not be "in the position of being the only named defendant left with a State Court Case." (Id. at page 2). Dale's position is contrary to law. It is well-settled that "[a]ll named [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper." Miller v. First Security Invs., Inc., 30 F. Supp.2d 347, 350 (E.D.N.Y. 1998) (quoting Still v. DuBuono, 927 F. Supp. 125, 129 (S.D.N.Y. 1996)); see also H.M.S. Mechanical Systems, Inc. v. Carrier Corp., No. 04 CV 6685 (BSJ), 2004 U.S. Dist. Lexis 24911, * (Nov. 24, 2004) ("For an action to be removed, all of the defendants must submit to the removal in writing . . ."). Had Defendant Dale withheld her consent to removal, she would not have been left alone in state court, for all of the parties would have been with her as the case would not have been removed to Federal Court. Furthermore, given her consent to remove the action, defendant Dale would have shared in any benefit of having the case resolved in Federal Court. Thus, there is simply no basis for relieving defendant Dale of her obligation to pay plaintiffs' attorneys' fees when that obligation is the result of a shared, but failed, effort. Accordingly, the court recommends that Defendant Dale, together with the other defendants, be held jointly and severally responsible for the attorneys' fees awarded to plaintiffs.

   II.   **Amount of Attorneys' Fees to be Awarded to Plaintiffs**

In this Circuit, attorneys' fee awards are determined by calculating the "lodestar" figure, which is based on the number of reasonable hours expended, multiplied by a reasonable hourly rate. See Cruz v. Local Union No. 3 of the Int'l Brotherhood of Elec. Workers, 34 F.3d 1148,

1159 (2d Cir. 1994) (citing F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987)). The party seeking reimbursement bears the burden of proving the reasonableness and necessity of hours spent and rates charged. See generally, New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983). To this end, a fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates. Id. at 1147-48.

The court has reviewed the records submitted by the plaintiffs for legal services rendered in connection with this matter. While the records are not, in some instances, abundantly detailed, the level of detail is sufficient to meet the requisite standard. Accordingly, the court finds that plaintiffs have satisfied the contemporaneous record requirement.

With regard to the reasonableness of the hourly rate charged, the hourly rate charged should be "'in line with those [rates] prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'" Cruz, 34 F.3d at 1159 (citing Blum v. Stetson, 465 U.S. 886, 896 n.11 (1984)). The "prevailing community" that a district court should consider is usually "'the district in which the court sits,' unless there has been a showing that 'special expertise of counsel from a . . . [different] district was required.'" Id. (citing Polk v. New York State Dep't of Correctional Servs., 722 F.2d 23, 25 (2d Cir. 1983)). In this district, prevailing rates have ranged from $200-$300 for partners, $200-$250 for senior associates and $100-$150 for junior associates. See, e.g., Aiello v.Town of Brookhaven, CV 94-2622 (FB), 2005 WL1397202, at * 5-6 ( E.D.N.Y., June 13, 2005) (citations omitted); Duke v. County of Nassau, CV 97-1495 (JS), 2003 WL 23315463 (E.D.N.Y. April 14, 2003).

Here, both attorneys reflected on the time sheets, Eugene D. Berman and Scott J. Fine, are name partners in the law firm Fine, Fine, & Berman, LLP located in Melville New York, and

3

charged an hourly rate of $300. (Berman Decl. at ¶¶ 1, 6, 8). Plaintiffs' papers also detail the experience of Mr. Berman, stating that he was admitted to practice law in the State of New York over thirty years ago and has concentrated his practice on intellectual property litigation. (Id. at ¶ 7). Mr. Berman's declaration further states that he has appeared before the United States Supreme Court, the United States Courts of Appeal for the Second and Federal Circuits, the United States District Courts for the Southern and Eastern Districts as well as several other United States District Courts and New York State trial and appellate courts. (Id.). Given Mr. Berman's experience, the court finds that the hourly rate of $300.00 for Mr. Berman is reasonable. However, plaintiffs' papers are silent as to Mr. Fine's experience or nature of his practice. Thus, in the absence of any basis to support an increased fee award, the court recommends that Mr. Fine's hourly rate be reduced to $200.00 per hour.

An award of attorneys' fees must not only be based on reasonable rates but the time spent must also be necessary and reasonable. Here, plaintiffs claim that 51.6 hours were spent on the remand motion. (See, generally, Berman Decl. and Exhibit B annexed thereto). The court finds that hours spent on remand are excessive and well beyond what courts in this Circuit have traditionally allowed. See, e.g., H.M.S. Mechanical Sysytems, Inc. v. Carrier Corp., 2004 U.S. Dist. Lexis 24911 (S.D.N.Y. 2004) (finding 8.08 hours worked on a motion to remand reasonable); Children's Village v. Greenburgh Eleven Teachers' Union, 867 F. Supp. 245 (S.D.N.Y 1994) (limiting an attorney fee award for successful remand to $5,000); Mattice v. ITT Hartford Ins. Group, 837 F. Supp. 499 (N.D.N.Y. 1993) (reducing excessive hours spent on a remand motion to 13.9). While the court is mindful that motions for remand may require substantially different amounts of research, "excessive research or writing should not be compensated. The experience of the court may be drawn upon in making evaluations of such

matters." Children's Village, 867 F. Supp. at 248 (citing Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir 1992)). Thus, upon review of plaintiffs' time record entries, the court finds that some entries are clearly excessive. For example, plaintiffs' time records reflect that counsel spent seven hours on May 25, 2004 reviewing Judge Hurley's practice rules, teleconferencing the case with Judge Hurley's courtroom deputy, and beginning to prepare the letter application requesting remand.[1] (See Ex. B annexed to the Berman Decl.) Thus, the court adopts the approach applied in Greenidge v. Mundo Shipping Corp., 60 F. Supp. 2d 10, 13 (E.D.N.Y. 1999), and recommends that the time be reduced by thirty-five percent. Greenidge, 60 F. Supp. 2d at 12-13. Accordingly, the court finds that 33.5 hours is a reasonable amount of time spent on the remand application. Applying the hourly rate of $300 to the 33.5 hours spend on the remand application, the court recommends an attorney's fees award in the amount of $10,050.00.[2]

In addition, plaintiffs seek reimbursement for postage costs in the amount of $20.00. (Berman Decl. at ¶¶ 3, 21 and 27; see also Ex. B annexed thereto.). The court finds that this is reasonable and accordingly recommends that $20.00 in costs be awarded. Based on the foregoing, the undersigned recommends a total award of $10,070.00 for attorneys' fees and costs.

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections

---

[1] The court notes that the time records reflect that the preparation of this letter application took an additional 2.5 hours on May 26, 2004 and an unspecified portion of the six hours billed on May 27, 2004.

[2] Given that the billing records reflect that Mr. Fine billed for just two of the 51.6 hours of time claimed, the court has applied Mr. Berman's $300/hour billing rate to its lodestar calculation as a result of the 35% reduction of the total time billed.

within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
August 10, 2005

/s/
_____
ARLENE R. LINDSAY
United States Magistrate Judge